UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISON

CASE NO.: 19-CV-24170-JLK

WILLIS KETTRELL

    *Plaintiff*,

vs.

NCL (BAHAMAS) LTD,
a Bermuda company d/b/a
NORWEGIAN CRUISE LINE

    *Defendant*.
_____/

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendant, NCL (BAHAMAS) LTD. d/b/a NORWEGIAN CRUISE LINE (hereinafter "NCL"), by and through the undersigned counsel and pursuant to the applicable Federal Rules of Civil Procedure and Local Rules for the United States District Court for the Southern District of Florida, hereby moves to dismiss Plaintiff's Amended Complaint [DE 8], and in support thereof, states as follows:

**INTRODUCTION**

This is a maritime personal injury action wherein Plaintiff WILLIS KETTRELL alleges that on April 23, 2019, while he was a passenger onboard the *Norwegian Dawn*, he went ashore and was allegedly injured while participating in a zipline excursion in Havest Caye, Belize. [DE 8, ¶¶23-30]. Plaintiff's Amended Complaint alleges claims against NCL for (1) negligence and (2) negligent hiring, retention, training and supervision. [DE 8, Counts I and II]. Plaintiff's Amended Complaint should be dismissed as Plaintiff fails to state a claim for negligence as Plaintiff has failed to allege sufficient factual information to support the element of proximate causation.

Additionally, Count II of Plaintiff's Amended Complaint fails to state a claim for negligent hiring and/or negligent retention upon which relief can be granted. For these reasons, as well as those set forth more fully below, NCL respectfully requests that the Court dismiss Plaintiff's Amended Complaint in its entirety.

## MEMORANDUM OF LAW

### I. Applicable Law

Incidents occurring on navigable waters and/or bearing a significant relationship to traditional maritime activities are governed by maritime law. *See Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625 (1959); *Kornberg v. Carnival Cruise Lines, Inc.,* 741 F.2d 1332, 1334 (11th Cir. 1984); *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1321 (11thCir.1989). Maritime law is applicable to lawsuits by passengers against cruise lines for claims accruing at a port of call during a cruise. Se*e e.g. Doe v. Celebrity Cruises Inc.*, 394 F.3d 891,901 (11thCir. 2004); *Skeen v. Carnival Corp.*, 2009 U.S. Dist. LEXIS 39355 (S.D. Fla. 2009); *Isbell v. Carnival Corp.*, 462 F. Supp. 2d 1232, 1236 (S.D. Fla. 2006); *Smolnikar v. Royal Caribbean Cruises Ltd.,* 787 F. Supp. 2d 1308, 1315 (S.D. Fla. 2011). In the instant matter, Plaintiff alleges that he was injured while participating in a shore excursion ashore in Harvest Caye, Belize during the course of his cruise on the *Norwegian Dawn*. [DE 8, ¶¶23-30]. As such U.S. maritime law governs Plaintiff's claims.

### II. Standard of Review

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The pleading standard in Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (U.S.2009)

(citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). Further, while a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff is still obligated to provide the "ground" for his entitlement to relief, and a "formulaic recitation of the elements of a cause of action will not do." *Berry v. Budget Rent A Car Systems, Inc.*, 497 F. Supp. 2d 1361, 1364 (S.D. Fla. 2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (U.S. 2009). A complaint that offers labels and conclusions or a formulaic recitation of the elements of a cause of action is insufficient. *Id.*; *see also Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F. 3d 1182, 1188 (11th Cir. 2002) (holding that conclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts will not prevent dismissal). Furthermore, a complaint is also insufficient if it tenders naked assertions devoid of further factual enhancement. *Id*. The complaint should "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *See Twombly*, 550 U.S. at 555.Taking the facts as true, a court may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Berry*, 497 F. Supp. 2d at 1364.

  **III.**  **Motion to Dismiss**

    **A.** **Plaintiff's Negligence Claim (Count I) Should be Dismissed as Plaintiff has not Properly Alleged Proximate Causation**

Count I of Plaintiff's Amended Complaint should also be dismissed as Plaintiff has failed to allege proximate causation. Plaintiff states, in a conclusory fashion, that "as a direct and proximate result of the breach of duty alleged above, Plaintiff, Willis Kettrell, suffered [damages]."

[DE 8, ¶46]. Plaintiff's Amended Complaint also alleges[1] that "NCL caused this incident by failing to properly screen, train and monitor the zip line operator and the zip line workers, and by failing to have procedures and safeguards in place, like safety nets to prevent falls like the one Plaintiff suffered, and per ride inspections of the zip lines before every participant zips down the line." *Id*. at ¶32.  However, Plaintiff's Amended Complaint fails to allege any factual information as to <u>how</u> any of NCL's alleged failures to do any of the things listed in paragraphs 42(a)-(k), or their alleged failure to screen, train and monitor zip line workers, to have proper procedures in place or to conduct inspections (as alleged in paragraph 32), proximately caused Plaintiff's injuries and/or damages.

For example, Plaintiff alleges that the zip line workers "were not adequately trained or competent to monitor the zip lines" or "to inspect the zip lines" and that NCL "did not have adequate first aid and/or other medical supplies to treat persons injured on the zip line" and that "the response time for addressing and/or treating persons injured on the zip line was very slow." [DE 8, ¶42(j)-(k)]. However, Plaintiff fails to allege what training or medical supplies the zip line workers should have had or how any such training or medical supplies would have prevented Plaintiff's alleged incident. Likewise, Plaintiff alleges that NCL was negligent in the lack of maintenance and inspections of the lines. [DE 8, ¶42(a)-(b)]. However, Plaintiff fails to allege any facts as to what such inspections would have shown or how any different maintenance or inspections procedures would have prevented Plaintiff's incident. Even taking Plaintiff's

---

[1] This allegation was not pled in Plaintiff's initial Complaint. [DE 1]. NCL moved to dismiss Plaintiff's initial Complaint for failure to properly plead proximate causation, among other reasons. [DE 7, pp. 7-8].  NCL respectfully submits that the addition of this conclusory allegation does not cure the insufficiency in Plaintiff's pleading and that Plaintiff's Amended Complaint also fails to state a claim for negligence upon which relief can be granted as Plaintiff's Amended Complaint also fails to properly allege the element of proximate causation.

allegations in the light most favorable to Plaintiff, the Amended Complaint is devoid of any factual information that would put NCL on notice as to how the allegations in paragraphs 32 and 42(a)-(k) proximately caused Plaintiff's alleged injuries and/or damages.

Courts in this District have previously dismissed similar form allegations where the plaintiff failed to allege how any of the breaches allegedly proximately caused plaintiff's damages. *See e.g., Rinker v. Carnival*, 753 F. Supp. 2d 1237, 1242 (S.D. Fla. 2010) (Seitz, J.) ("Nothing in the Amended Complaint indicates how Plaintiff was injured because of the failures set out in paragraphs 19(a)-(e). Therefore, the allegations of negligence based on the actions in paragraphs 19(a)-(e) do not meet the pleading requirements of Iqbal and Twombly. Thus, the claims based on the allegations in paragraphs 19(a)-(e) should be dismissed."). In light of the above, NCL respectfully submits that Plaintiff's Amended Complaint does not properly allege proximate causation. Accordingly, NCL respectfully submits that this Honorable Court must dismiss Plaintiff's negligence claim (Count I) for failure to state a claim upon which relief can be granted.

### B. Count II of Plaintiff's Amended Complaint Fails to State a Claim for Negligent Hiring and/or Retention

Count II of Plaintiff's Amended Complaint fails to state a claim for negligent hiring and/or retention against NCL. [DE 8, Count II]. To state a claim for negligent hiring or retention, Plaintiff must plead ultimate facts showing: "(1) the contractor was incompetent or unfit to perform the work; (2) the employer knew or reasonably should have known of the particular incompetence or unfitness; and (3) the incompetence of unfitness was the proximate cause of the plaintiff's injury." *Gayou v. Celebrity Cruises, Inc.*, 2012 U.S. Dist. LEXIS 77536, *14 (S.D. Fla. 2012) and *Smolnikar*, 787 F. Supp. 2d 1308, 1318 (S.D. Fla. 2011)).

Moreover, to state a claim for negligent hiring/selection, Plaintiff must demonstrate that NCL knew or should have known of the unfitness or incompetence of the employee or contractor

prior to hiring them. *See e.g., Duquesne v. City of Miami Beach*, 2012 U.S. Dist. LEXIS 103993, *28 (S.D. Fla. July 26, 2012) ("Negligent hiring occurs when, prior to the time the employee is actually hired, the employer knew or should have known of the employee's unfitness.") (emphasis added); *Stires v. Carnival Corp.*, 243 F. Supp. 2d 1313, 1318 (M.D. Fla. 2002); *compare with Garcia v. Duffy*, 492 So. 2d 435, 438 (Fla. 2d DCA 1986) ("negligent retention, on the other hand, occurs when, during the course of employment, the employer becomes aware or should have become aware of problems with an employee that indicated his unfitness, and the employer fails to take further action such as investigating, discharge or reassignment."). Thus, the principle difference between negligent hiring and negligent retention is the time at which the contractor/employer is charged with knowledge of the employee/independent contractor's unfitness.

In the instant matter, Plaintiff's Amended Complaint wholly fails to allege the second element of a claim for negligent hiring or retention – that NCL knew or should have known that the zip line workers were incompetent or unfit. [DE 8]. As Plaintiff has not alleged an essential element of his claim, Count II of Plaintiff's Amended Complaint must be dismissed. *See e.g., Gayou v. Celebrity Cruises, Inc.*, 2012 U.S. Dist. LEXIS 77536, *14 (S.D. Fla. 2012).

Notwithstanding the above, Plaintiff claim for negligent hiring and/or retention must also be dismissed as Plaintiff has failed to allege sufficient factual information to support the second and third elements of his claim. Plaintiff alleges that the zip line workers "were not adequately trained or competent to monitor the zip lines", "were not adequately trained or competent to inspect the zip lines" and alleges, in a conclusory manner, that "[a]s a direct and proximate result of the breach of the duty alleged above, Plaintiff suffered [damages]." [DE 8, ¶42(h)-(i) and ¶50]. However, Plaintiff has not alleged any <u>factual information</u> to support that NCL knew or should

have known about any particular incompetence or unfitness on behalf of the zip line workers or that such incompetence or unfitness proximately caused Plaintiff's injury and/or damages. *Id.* As Plaintiff's Amended Complaint fails to allege factual information to support the second and third elements of Plaintiff's claim, Plaintiff's negligent hiring/retention claim must be dismissed. See Fed. R. Civ. P. 8(a)(2); *see also Mumford v. Carnival*, 7 F. Supp 3d 1243, 1249 (S.D. Fla. 2014) (dismissing negligent retention claim for insufficient allegations); *Delva v. MSC Crociere, S.A.*, 2014 WL 11706430 (S.D. Fla. 2014) (dismissing plaintiffs' negligent retention claim because "while plaintiffs claim MSC hired and retained incompetent crewmembers, they say nothing about whether MSC was on notice of those employees' incompetence.").

In other words, even had Plaintiff plead all three elements of his negligent hiring/retention claim, Plaintiff's claim should still be dismissed for lack of factual information to support the elements of the claim. Plaintiff's Amended Complaint alleges only barebones allegations, which are nothing more than an incomplete recitation of some, but not all, of the elements of a negligent hiring/retention claim and are, therefore, insufficient under the law. *See Iqbal*, 129 S. Ct. at 1949 ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."); *see also Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F. 3d 1182, 1188 (11th Cir. 2002) (holding that conclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts will not prevent dismissal). Absent from Plaintiff's Amended Complaint are any allegations which would establish that NCL was or should have been on notice of any incompetence or unfitness of the zip line workers. Additionally, Plaintiff fails to allege any facts demonstrating how any incompetence of the zip line workers (e.g., the alleged inadequate training and alleged lack of medical supplies) proximately caused his injuries. In light of the above, NCL respectfully submits that this Honorable Court must dismiss

Plaintiff's claim for negligent hiring and/or retention because as currently pled, Plaintiff's Amended Complaint fails to state a claim for negligent hiring and/or retention upon which relief can be granted.

WHEREFORE, the Defendant, NCL (Bahamas) Ltd. d/b/a Norwegian Cruise Line, respectfully requests that this Honorable Court enter an Order granting NCL's motion and dismissing Plaintiff's Amended Complaint in its entirety, and for any and all further relief this Court deems just and proper.

Dated: November 27, 2019
Miami, Florida

Respectfully submitted,

NORWEGIAN CRUISE LINE
Attorneys for Defendant
7665 Corporate Center Drive
Miami, Florida 33126
Telephone: (305) 436-4377
Facsimile: (305) 468-2132

By: */s/ Rachael M. Fagenson*
**Rachael M. Fagenson, Esq.**
Florida Bar No. 91868
rfagenson@ncl.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that this 27th day of November 2019 I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel of parties who are not authorized to electronically receive Notices of Electronic Filing.

By: */s/ Rachael M. Fagenson*
**Rachael M. Fagenson, Esq.**

## SERVICE LIST

*Willis Kettrell  vs. NCL (Bahamas) Ltd.*
Case No.: 19-CV-24170-JLK
United States District Court for the Southern District of Florida

| | |
|---|---|
| Rachael M. Fagenson, Esq.<br>NORWEGIAN CRUISE LINE<br>7665 Corporate Center Drive<br>Miami, FL 33126<br>Telephone:     (305) 436-4377<br>Facsimile:      (305) 468-2132<br>rfagenson@ncl.com<br>mfonticiella@ncl.com<br>*Attorneys for Defendant* | Spencer M. Aronfeld, Esq.<br>Abbey Hernandez Ivey, Esq.<br>Matthias Hayashi, Esq.<br>ARONFELD TRIAL LAWYERS<br>One Alhambra Plaza, Penthouse<br>Coral Gables, Florida 33134<br>aronfeld@aronfeld.com<br>aivery@aronfeld.com<br>mhayashi@aronfeld.com<br>Telephone:     (305) 441-0440<br>Facsimile:      (305_ 441-0198<br>*Attorneys for Plaintiff* |