UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 19-cv-24170-JLK

WILLIS KETTRELL,

    Plaintiff,

v.

NCL (BAHAMAS) LTD.,
a Bermuda company d/b/a
NORWEGIAN CRUISE LINE,

    Defendant.
_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT [DE 10]**

**COMES NOW**, Plaintiff, WILLIS KETTRELL, by and through undersigned counsel, hereby files his Response in Opposition to Defendant's, NCL (BAHAMAS) LTD. ("Defendant"), Motion to Dismiss Plaintiff's Amended Complaint [DE 10] and states the following in support thereof:

**INTRODUCTION[1]**

This is a maritime personal injury action in which Plaintiff, WILLIS KETTRELL, was injured while he was a lawful passenger aboard the *Norwegian Dawn*, a vessel operated by Defendant, NCL. On or about April 23, 2019, the *Norwegian Dawn* called on Harvest Caye – a seven-acre private island located in Belize which is owned, operated, and maintained by Defendant, NCL. While at Harvest Caye, Plaintiff participated in a zip line excursion, the "Flighthouse Zipline" – a shore excursion sold, marketed, and advertised by Defendant, NCL, to passengers aboard its vessels and visitors to its private island. During the excursion, Plaintiff was

---

[1] Since these facts are referenced in the Complaint, the Court must accept them as true. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

injured when the line he was zip lining across snapped and wrapped around his leg which caused Plaintiff to slam into the trees below. As a result of the collision, Plaintiff suffered traumatic injuries, including, but not limited to, open wounds on his leg and a torn meniscus which required surgery. As set forth in detail below, Defendant's Motion to Dismiss Plaintiff's Amended Complaint should be denied in its entirety.

## MEMORANDUM OF LAW

### I. Standard of Review

A motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case. *Milburn v. United* States, 734 F.2d 762, 765 (11th Cir. 1984). A complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." *Jackson v. BellSouth Telecommunications, Inc.*, 181 F. Supp. 2d 1345, 1353 (S.D. Fla. 2001); s*ee also Financial Sec. Assur. v. Stephens, Inc.,* 500 F.3d 1276, 1282-83 (11th Cir. 2007) (citing *Roe v. Aware Woman Ctr. For Choice Inc.*, 253 F.3d 678, 683 (11th Cir. 2001)). The Court must construe the complaint in light most favorable to the plaintiff and accept all facts and all reasonable inferences drawn from those facts as true. *Hinson v. King & Spalding*, 467 U.S. 69, 73 (1984): *Gentry v. Carnival Corp.,* 2011 WL 4737062 (S.D. Fla. October 5, 2011); *Erickson v. Pardus*, 551 U.S. 89 (2007) (When ruling on a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint.).

The threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low. *See In re Southeast Banking Corp.*, 69 F.3d 1539, 1551 (11th Cir. 1995); *Bluegreen Corp. v. PC Consulting, Inc.*, 0780385CIV-RYSKAMP, 2007 WL 2225983 *2 (S.D. Fla. July 31, 2007) (citing *In re Southeast Banking Corp.*, 69 F.3d 1539 at 1551). As such, Courts

in this district have routinely stated that such motions are "viewed with disfavor and rarely granted." *Jackson*, 181 F. Supp. 2d 1345, 1353 (S.D. Fla. 2001).

## II. Applicable Law

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,' *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)." *Twombly*, 550 U.S. at 555. Under *Twombly*'s plausibility standard, the facts pled in a complaint must simply "raise a reasonable expectation that discovery will reveal evidence" corroborating the plaintiff's claims. *Id*. at 545.; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."). This standard is met when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Therefore, an initial complaint is not required to prove the plaintiff's entire case but should "possess enough heft" to set forth "a plausible entitlement to relief." *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F. 3d 1276, 1282 (11th Cir. 2007).

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must construe the complaint in light most favorable to the plaintiff and accept all facts and all reasonable inferences drawn from those facts as true. *Hinson v. King & Spalding*, 467 U.S. 69, 73 (1984): *Gentry v. Carnival Corp.,* 2011 WL 4737062 (S.D. Fla. October 5, 2011); *Erickson v. Pardus*, 551 U.S. 89 (2007) (When ruling on a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint.).

Rule 12(b)(6) does not allow dismissal of a complaint because the court anticipates "actual proof of those facts is improbable," but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Watts v. Fla. Int'l Univ.,* 495 F.3d 1289 (11th Cir.2007) (quoting *Twombly,* 550 U.S. at 545, 127 S. Ct. 1955). The threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low. *See In re Southeast Banking Corp.*, 69 F.3d 1539, 1551 (11th Cir. 1995); *Bluegreen Corp. v. PC Consulting, Inc.*, 0780385CIV-RYSKAMP, 2007 WL 2225983 *2 (S.D. Fla. July 31, 2007) (citing *In re Southeast Banking Corp.*, 69 F.3d 1539 at 1551). As such, Courts in this district have routinely stated that such motions are "viewed with disfavor and rarely granted." *Jackson*, 181 F. Supp. 2d 1345, 1353 (S.D. Fla. 2001) (citing *Future Tech Int'l, Inc. v. Tae IL Media, Ltd.*, 944 F. Supp. 1538, 1561 (S.D. Fla. 1961)).

**III.   Argument**

   **A. Plaintiff has properly alleged proximate causation**

This Court should deny Defendant's Motion to Dismiss Count I of Plaintiff's Amended Complaint. Defendant, NCL (BAHAMAS) LTD., moves to dismiss Plaintiff's Complaint on the basis that Plaintiff has failed to allege proximate causation. Defendant claims that "Plaintiff states, in a conclusory fashion, that 'as a direct and proximate result of the breach of the duty alleged above, Plaintiff, Willis Kettrell, suffered [damages]," and alleges that "Plaintiff's Amended Complaint fails to allege any factual information as to how any of NCL's alleged failures to do any of the things listed in paragraphs 42(a)-(k)."

Interestingly, Defendant's Motion to Dismiss makes no reference to paragraphs 27-30 of Plaintiff's Amended Complaint in which Plaintiff alleges how NCL's failure to do the things listed in paragraphs 42(a)-(k) proximately caused Plaintiff's injuries and/or damages. *See* Plaintiff's Second Amended Complaint Paragraph 27 ("At no time during the safety briefing was Plaintiff

advised or informed by the zip line workers that one of the zip lines could snap and/or break while in use. If such a warning had been given, Plaintiff would not have ridden the zip line."); Plaintiff's Second Amended Complaint Paragraph 28 ("At no time during the safety briefing did the zip line workers inquire as to the weight of the excursion participants, including Plaintiff, to ensure that the excursion participants complied with the minimum and/or maximum weight requirements of the zip lines."); Plaintiff's Second Amended Complaint Paragraph 29 ("At no time during the safety briefing did the zip line workers test and/or inspect the lines to ensure the lines were working properly and in rideable condition. If the zip line workers had conducted a test and/or inspected the lines prior to allowing Plaintiff to ride the zip line, the subject incident could have been avoided."); *see also* Plaintiff's Second Amended Complaint Paragraph 32 ("Defendant, NCL, caused this incident by failing to properly screen, train, and monitor the zip line operator and zip line workers, and by failing to have procedures and safeguards in place, like safety nets to prevent falls like the one Plaintiff suffered, and per ride inspections of the zip lines before every participant zips down the line.").

### B. Plaintiff has properly stated a claim for negligent hiring and/or retention

This Honorable Court should also deny Defendant's Motion to Dismiss Count II of Plaintiff's Complaint as Plaintiff has properly alleged proximate causation. Defendant argues that Plaintiff has failed to allege the second element of a claim for negligent hiring or retention – that NCL knew or should have known that zip line workers were incompetent or unfit. However, contrary to Defendant's assertions, Plaintiff has sufficiently alleged that NCL knew or should have known that zip line workers were incompetent or unfit. *See* Plaintiff's Second Amended Complaint Paragraph 32 ("Defendant, NCL, caused this incident by failing to properly screen, train, and monitor the zip line operator and zip line workers, and by failing to have procedures and safeguards

in place, like safety nets to prevent falls like the one Plaintiff suffered, and per ride inspections of the zip lines before every participant zips down the line."); *see also* Paragraph 49(A) of Plaintiff's Second Amended Complaint ("Failing to properly screen, investigate, interview, and otherwise hire employees or agents;"); *see also* Paragraph 49(B) of Plaintiff's Second Amended Complaint ("Failing to periodically investigate and verify credentials of the Zip line employees or agents;"). Thus, it can be reasonably inferred from Plaintiff's allegations that NCL should have known that the zip line workers were incompetent or unfit because since NCL failed to properly screen the zip line employees it had no way of knowing they were competent and/or fit to perform their job duties. *See Flaherty v. Royal Caribbean Cruises Ltd.*, 172 F. Supp. 3d 1348, 1351 (S.D. Fla. 2016) ("A principal may be subject to liability "for physical harm to third persons caused by [its] failure to exercise reasonable care to employ a competent and careful employee/agent/contractor to: (a) do work which will involve a risk of physical harm unless it is skillfully and carefully done, or (b) perform any duty which the employer owes to third persons.") (citing *Smolnikar v. Royal Caribbean Cruises Ltd.,* 787 F.Supp.2d 1308, 1318 (S.D.Fla.2011).

Lastly, Plaintiff has alleged sufficient factual information to support the second and third elements of his negligent hiring or retention claim. As to the second element of Plaintiff's negligent hiring or retention claim – that the employer knew or reasonably should have known of the particular incompetence or unfitness – Plaintiff has alleged factual information to support that NCL knew or should have known about any particular incompetence or unfitness on behalf of the zip line workers. *See* paragraphs 44(B)(a)-(b) of Plaintiff's Amended Complaint. In particular, in paragraph 44(B)(b), Plaintiff alleges that previous incidents such as Plaintiff had occurred, and thus, NCL was on notice of the harmful propensities of the zip line workers. *Flaherty v. Royal Caribbean Cruises, Ltd.,* 172 F. Supp. 3d 1348, 1351 (S.D. Fla. 2016). As to the third element of

Plaintiff's negligent hiring or retention claim – that the incompetence or unfitness of the zip line workers was the proximate cause of the plaintiff's injury – Plaintiff has alleged factual allegations as to *how* the zip line worker's incompetence and/or unfitness were the cause of Plaintiff's injuries. *See* Plaintiff's Second Amended Complaint Paragraph 27 ("At no time during the safety briefing was Plaintiff advised or informed by the zip line workers that one of the zip lines could snap and/or break while in use. If such a warning had been given, Plaintiff would not have ridden the zip line."); Plaintiff's Second Amended Complaint Paragraph 28 ("At no time during the safety briefing did the zip line workers inquire as to the weight of the excursion participants, including Plaintiff, to ensure that the excursion participants complied with the minimum and/or maximum weight requirements of the zip lines."); Plaintiff's Second Amended Complaint Paragraph 29 ("At no time during the safety briefing did the zip line workers test and/or inspect the lines to ensure the lines were working properly and in rideable condition. If the zip line workers had conducted a test and/or inspected the lines prior to allowing Plaintiff to ride the zip line, the subject incident could have been avoided."); *see also* Plaintiff's Second Amended Complaint Paragraph 32 ("Defendant, NCL, caused this incident by failing to properly screen, train, and monitor the zip line operator and zip line workers, and by failing to have procedures and safeguards in place, like safety nets to prevent falls like the one Plaintiff suffered, and per ride inspections of the zip lines before every participant zips down the line."). Accordingly, Plaintiff submits that Defendant's Motion to Dismiss should be denied with prejudice.

**WHEREFORE**, Plaintiff, WILLIS KETTRELL, respectfully requests that this Honorable Court deny Defendant's, NCL (BAHAMAS) LTD., Motion to Dismiss Plaintiff's Amended Complaint [DE 10], and grant any other relief which this Court deems just or appropriate.

Respectfully submitted,

*/s/ Spencer M. Aronfeld*
**Spencer M. Aronfeld, Esq.**
Florida Bar No.: 905161
aronfeld@Aronfeld.com
**Abby Hernández Ivey, Esq.**
Florida Bar No.: 1002774
aivey@aronfeld.com
ARONFELD TRIAL LAWYERS
One Alhambra Plaza, Penthouse
Coral Gables, Florida 33134
P:      (305) 441.0440
F:      (305) 441.0198
***Attorneys for Plaintiff***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 11th, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I ALSO CERTIFY that the foregoing document is being served this day on all counsel of record or pro se parties via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

*/s/ Spencer M. Aronfeld*
**Spencer M. Aronfeld, Esq.**