UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISON

CASE NO.: 19-CV-24170-JLK

WILLIS KETTRELL

   *Plaintiff*,

vs.

NCL (BAHAMAS) LTD,
a Bermuda company d/b/a
NORWEGIAN CRUISE LINE

   *Defendant*.
_____/

### DEFENDANT'S REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

     Defendant, NCL (BAHAMAS) LTD. d/b/a NORWEGIAN CRUISE LINE (hereinafter "NCL"), by and through the undersigned counsel and pursuant to the applicable Federal Rules of Civil Procedure and Local Rules for the United States District Court for the Southern District of Florida, hereby files its Reply in Support of its Motion to Dismiss Plaintiff's Amended Complaint, and in support thereof, states as follows:

### INTRODUCTION

     Plaintiff's Amended Complaint alleges claims against NCL for (1) negligence and (2) negligent hiring, retention, training and supervision. [DE 8, Counts I and II]. NCL moved to dismiss Count I of Plaintiff's Amended Complaint as Plaintiff fails to state a claim for negligence as Plaintiff failed to allege sufficient factual information to support the element of proximate causation. NCL also moved to dismiss Count II of Plaintiff's Amended Complaint as Plaintiff fails to state a claim for negligent hiring and/or negligent retention upon which relief can be granted. As set forth more fully below, the arguments raised in Plaintiff's Response are unpersuasive. For

the reasons set forth herein, as well as those set forth in NCL's Motion to Dismiss Plaintiff's Amended Complaint [DE 10], NCL respectfully requests that the Court dismiss Counts I and II of Plaintiff's Amended Complaint.

## MEMORANDUM OF LAW

### I.   Plaintiff's Negligence Claim (Count I) Should be Dismissed as Plaintiff has not Properly Alleged Proximate Causation

NCL moved to dismiss Count I of Plaintiff's Amended Complaint as Plaintiff failed to properly allege proximate causation. [DE 10, p. 3-5] (noting that Plaintiff's Amended Complaint fails to allege any factual information as to how any of NCL's alleged failures to do any of the things listed in paragraphs 42(a)-(k), or their alleged failure to screen, train and monitor zip line workers, to have proper procedures in place or to conduct inspections proximately caused Plaintiff's injuries and/or damages).  Plaintiff's Response claims, in a conclusory fashion, that he has properly allege proximate causation. However, such an argument is without merit.

As a threshold matter, Plaintiff's response completely ignores the arguments raised about paragraphs 42(j)-(k) of Plaintiff's Amended Complaint. [DE 10, p. 4-5]. In NCL's Motion to Dismiss, NCL argued that Plaintiff failed to plead sufficient factualy information to support that the allegations contained in paragraph 42(j)-(k) – that the zip line workers "were not adequately trained or competent to monitor the zip lines" or "to inspect the zip lines" and that NCL "did not have adequate first aid and/or other medical supplies to treat persons injured on the zip line" and that "the response time for addressing and/or treating persons injured on the zip line was very slow" – proximately caused Plaintiff's incident and/or injuries. *Id*. Specifically, NCL argued that Plaintiff fails to allege what training or medical supplies the zip line workers should have had or how any such training or medical supplies would have prevented Plaintiff's alleged incident. *Id*. Plaintiff's failure to respond to such arguments constitutes grounds for dismissing such claims by

default and/or as abandoned. *See W. Coast Life Ins. Co. v. Life Brokerage Partners LLC*, 2009 U.S. Dist. LEXIS 81650 *31 (S.D. Fla. 2009) (citing S.D. Fla. L.R. 7.1) ("Plaintiff failed to respond to Defendant PVA's motion to dismiss Count 11, which alone constitutes grounds for the Court to dismiss this count by default.");*Tuyen Phan v. Accredited Home Lenders Holding Co*., 2010 U.S. Dist. LEXIS 30057*18-19 (M.D. Fla. 2010) (internal citation omitted) (stating a plaintiff's failure to respond to claims in a defendant's motion to dismiss counts of the complaint results in dismissal of the claims as abandoned); *Hudson v. Norfolk S. Ry. Co.,* 209 F. Supp. 2d 1301, 1324 (N.D. Ga. 2001) ("When a party fails to respond to an argument or otherwise address a claim, the Court deems such argument or claim abandoned[.]").

With respect to the remaining subparagraphs, Plaintiff's Response claims, in a conclusory fashion, that he has properly allege proximate causation. [DE 11, p. 4-5]. Plaintiff is incorrect. For example, paragraph 42(c) alleges that NCL was negligent due to the "the lack of procedures to verify that participants met the weight requirements before being allowed to zip down the lines." [DE 8, p. 42(c)]. Plaintiff's Response argues that paragraph 28 provides sufficient information as to how the lack of verification of weight requirements proximately caused Plaintiff's incident. [DE 11, p. 5]. However, that is simply not accurate. Paragraph 28 of Plaintiff's Amended Complaint alleges only that "[a]t no time during the safety briefing did the zip line workers inquire as to the weight of the excursion participants, including Plaintiff, to ensure that the excursion participants complied with the minimum and/or maximum weight requirements of the zip lines.". [DE 8, ¶28]. Paragraph 28 does <u>not</u> allege what the minimum or maximum weight requirements were at the time of the alleged incident, that Plaintiff exceed the maximum weight requirement or that Plaintiff's weight in any way caused the alleged incident. As plead, paragraph 28 does not provide

sufficient factual information to put NCL on notice of how an alleged lack of verification of weight requirements proximately caused Plaintiff's incident.

Plaintiff also contends that paragraph 32 of his Amended Complaint provides factual information sufficient to support the element of proximate causation. [DE 11, p. 5]. Again, Plaintiff is incorrect. Paragraph 32 of Plaintiff's Amended Complaint alleges that "NCL caused this incident by failing to properly screen, train, and monitor the zip line operator and the zip line workers, and by failing to have procedures and safeguards in place, like safety nets to prevent falls like the one Plaintiff suffered, and per ride inspections of the zip lines before every participant zips down the line." [DE 8, ¶32]. However, Plaintiff fails to allege any facts as to what screening, training, or monitoring should have occurred or how the failure to provide such screening, training or monitoring would have prevented Plaintiff's incident. Similarly, Plaintiff fails to allege how the ziplines should have been inspected, what such inspections would have shown or how any different maintenance or inspections procedures would have prevented Plaintiff's incident.

As stated in NCL's Motion to Dismiss [DE 8, p. 5], Courts in this District have previously dismissed similar form allegations where the plaintiff failed to allege how any of the breaches allegedly proximately caused plaintiff's damages. *See e.g., Rinker v. Carnival*, 753 F. Supp. 2d 1237, 1242 (S.D. Fla. 2010) (Seitz, J.) ("Nothing in the Amended Complaint indicates how Plaintiff was injured because of the failures set out in paragraphs 19(a)-(e). Therefore, the allegations of negligence based on the actions in paragraphs 19(a)-(e) do not meet the pleading requirements of Iqbal and Twombly. Thus, the claims based on the allegations in paragraphs 19(a)-(e) should be dismissed."). As Plaintiff's Amended Complaint does not properly allege proximate causation, NCL respectfully submits that this Honorable Court must dismiss Plaintiff's negligence claim (Count I) for failure to state a claim upon which relief can be granted.

Case No.: 19-cv-23989-KMW

## II. Count II of Plaintiff's Amended Complaint Fails to State a Claim for Negligent Hiring and/or Retention

NCL moved to dismiss Count II of Plaintiff's Amended Complaint as Plaintiff fails to state a claim for negligent hiring and/or retention against NCL. [DE 10, p. 5-8]. First, NCL argued that Plaintiff failed to allege the second element of Plaintiff's claim – that NCL knew or should have known that the zip line workers were incompetent or unfit. *Id*. at p. 6. In Response, Plaintiff concedes that he did not allege that NCL knew or should have known that the zip line workers were incompetent or unfit. [DE 11, p. 6]. In fact, in his Response Plaintiff concedes that he cannot, in good faith, plead that NCL knew or should have known of any incompetence. *Id*. (arguing that "[NCL] had no way of knowing [the zip line workers] were competent or fit to perform their job duties."). If NCL had no way of knowing if the zip line workers were competent or fit, NCL also had no way of knowing they were incompetent or unfit. As Plaintiff has conceded that Plaintiff cannot allege the second element of his claim, Count II of Plaintiff's Amended Complaint must be dismissed with prejudice.

Plaintiff alternatively argues that "it can be reasonably inferred from Plaintiff's allegations that NCL should have known that the zip line workers were incompetent or unfit because NCL failed to properly screen the zip line employees." Inferences and argument do not constitute pleadings. *See e.g., Seropian v. Wachovia Bank, N.A*., 2010 U.S. Dist. LEXIS 74864*12 (S.D. Fla. 2010) (holding that plaintiffs cannot assert new claims or raise new arguments not previously pled in response to a motion to dismiss); *see also Dorsey v. Portfolio Equities, Inc*., 540 F.3d 333, 338 (5th Cir. 2008) ("Because the court reviews only the well-pleaded facts in the complaint, it may not consider new factual allegations made outside the complaint[.]"). Moreover, even taking Plaintiff's allegation as true – that NCL failed to properly screen the zip line employees – multiple

inferences could be made from that allegation. For example, one could infer that the zip line employees were competent just as equally as one could infer that they were not.

Notwithstanding the above, to state a claim for negligent hiring/selection, Plaintiff must demonstrate that NCL knew or should have known of the unfitness or incompetence of the employee or contractor prior to hiring them. *See e.g., Duquesne v. City of Miami Beach*, 2012 U.S. Dist. LEXIS 103993, *28 (S.D. Fla. July 26, 2012) ("Negligent hiring occurs when, prior to the time the employee is actually hired, the employer knew or should have known of the employee's unfitness.") (emphasis added); *Stires v. Carnival Corp.*, 243 F. Supp. 2d 1313, 1318 (M.D. Fla. 2002); *compare with Garcia v. Duffy*, 492 So. 2d 435, 438 (Fla. 2d DCA 1986) ("negligent retention, on the other hand, occurs when, during the course of employment, the employer becomes aware or should have become aware of problems with an employee that indicated his unfitness, and the employer fails to take further action such as investigating, discharge or reassignment."). As Plaintiff has not alleged anywhere in his Amended Complaint that NCL knew or should have known, at any point prior to Plaintiff's alleged incident that the zip line workers were incompetent or unfit, Count II of Plaintiff's Amended Complaint must be dismissed.

Additionally, NCL argued in its Motion to Dismiss that Count II of Plaintiff's Amended Complaint must be dismissed as Plaintiff failed to allege sufficient factual information to support the second and third elements of his claim. [DE 10, p. 6-8]. In Response Plaintiff argues that prior incidents had occurred which put NCL on notice of the harmful propensities of the zip line workers. [DE 11, p. 6]. However, Plaintiff has not identified any prior incidents or alleged that any prior incident occurred in a substantially similar manner or were the result of the same or substantially similar cause as Plaintiff's incident. [DE 8]. As Plaintiff has not alleged any <u>factual information</u> to support that NCL knew or should have known about any particular incompetence

or unfitness on behalf of the zip line workers or that that particular incompetence or unfitness proximately caused Plaintiff's injury and/or damages, Plaintiff's Amended Complaint fails to allege factual information to support the second and third elements of Plaintiff's claim. Therefore, Plaintiff's negligent hiring/retention claim must be dismissed. *See* Fed. R. Civ. P. 8(a)(2); *see also Mumford v. Carnival*, 7 F. Supp 3d 1243, 1249 (S.D. Fla. 2014) (dismissing negligent retention claim for insufficient allegations); *Delva v. MSC Crociere, S.A.*, 2014 WL 11706430 (S.D. Fla. 2014) (dismissing plaintiffs' negligent retention claim because "while plaintiffs claim MSC hired and retained incompetent crewmembers, they say nothing about whether MSC was on notice of those employees' incompetence.").

WHEREFORE, the Defendant, NCL (Bahamas) Ltd. d/b/a Norwegian Cruise Line, respectfully requests that this Honorable Court enter an Order granting NCL's motion and dismissing Plaintiff's Amended Complaint in its entirety, and for any and all further relief this Court deems just and proper.

Dated:  December 18, 2019
Miami, Florida

Respectfully submitted,

NORWEGIAN CRUISE LINE
Attorneys for Defendant
7665 Corporate Center Drive
Miami, Florida 33126
Telephone:    (305) 436-4377
Facsimile:     (305) 468-2132

By: */s/ Rachael M. Fagenson*
   **Rachael M. Fagenson, Esq.**
   Florida Bar No. 91868
   rfagenson@ncl.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that this 18th day of December 2019 I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel of parties who are not authorized to electronically receive Notices of Electronic Filing.

By: */s/ Rachael M. Fagenson*
**Rachael M. Fagenson, Esq.**

## SERVICE LIST

*Willis Kettrell  vs. NCL (Bahamas) Ltd.*
Case No.: 19-CV-24170-JLK
United States District Court for the Southern District of Florida

Rachael M. Fagenson, Esq.
NORWEGIAN CRUISE LINE
7665 Corporate Center Drive
Miami, FL 33126
Telephone:    (305) 436-4377
Facsimile:     (305) 468-2132
rfagenson@ncl.com
mfonticiella@ncl.com
*Attorneys for Defendant*

Spencer M. Aronfeld, Esq.
Abbey Hernandez Ivey, Esq.
Matthias Hayashi, Esq.
ARONFELD TRIAL LAWYERS
One Alhambra Plaza, Penthouse
Coral Gables, Florida 33134
aronfeld@aronfeld.com
aivery@aronfeld.com
mhayashi@aronfeld.com
Telephone:    (305) 441-0440
Facsimile:     (305_ 441-0198
*Attorneys for Plaintiff*