UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISON

CASE NO.: 19-CV-24170-JLK

WILLIS KETTRELL

   *Plaintiff*,

vs.

NCL (BAHAMAS) LTD,
a Bermuda company d/b/a
NORWEGIAN CRUISE LINE

   *Defendant*.
_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

Defendant, NCL (BAHAMAS) LTD. d/b/a NORWEGIAN CRUISE LINE ("NCL"), by and through the undersigned counsel and pursuant to the applicable Federal Rules of Civil Procedure and Local Rules for the United States District Court for the Southern District of Florida, hereby files its Answer and Affirmative Defenses in response to Plaintiff's Amended Complaint [DE 8], as follows:

### THE PARTIES AND JURISDICTION

    1.    Without knowledge; therefore, denied.

    2.    Without knowledge; therefore, denied.

    3.    Admitted that Plaintiff was a passenger onboard the *Norwegian Dawn* between April 21, 2019 and April 26, 2019 and that NCL operated the *Norwegian Dawn* during the subject voyage. All else is denied.

4. Admitted for the purposes of this litigation only that this Court has personal jurisdiction over NCL.

5. Without knowledge; therefore, denied.

6. Admitted that venue is proper and that U.S. maritime law governs Plaintiff's claims. All else is denied.

7. Admitted that venue is proper.

8. Admitted for the purposes of this litigation only that this Court has personal jurisdiction over NCL. All else is denied, including subparagraphs (A) through (G).

9. Admitted that U.S. passengers travel to Harvest Caye, Belize aboard cruise ships operated by NCL.

10. Admitted that Plaintiff purchased his ticket for the subject zipline excursion through NCL.

11. Admitted that NCL markets and sells tickets for the subject shore excursion onboard its ships, that passengers can purchase a ticket for the subject shore excursion at the shore excursion desk onboard its ships, and that the crewmembers who work at the shore excursion desk onboard NCL ships are trained to answer questions and provide information about the subject excursion to passengers. All else is denied.

## GENERAL ALLEGATIONS

12. Denied.

13. Admitted that at the time of the alleged incident attractions available on the island of Harvest Caye, Belize included a beach, a water sports lagoon, a shopping village and a zipline excursion. All else is denied.

14. Admitted that NCL markets the zipline excursion at Harvest Caye, Belize on its website, in print material and onboard its ships. All else is denied.

15. Admitted that on the date of the alleged incident participation in the zipline excursion at Harvest Caye, Belize was limited to persons who arrive at the island via cruise ships and that passengers onboard NCL ships can book the subject excursion at the shore excursion desk onboard the ship, via order form or, where available, through use of the interactive screens on the ship. All else is denied.

16. Denied as phrased.

17. Admitted that Plaintiff was a passenger aboard the *Norwegian Dawn* between April 21, 2019 and April 26, 2019.

18. Admitted that Plaintiff purchased his ticket for the subject excursion from NCL.

19. Admitted.

20. Without knowledge; therefore, denied.

21. Denied.

22. Without knowledge; therefore, denied.

23. Admitted.

24. Admitted.

25. Admitted.

26. Without knowledge; therefore, denied.

27. Admitted.

28. Denied.

29. Denied.

30. Denied.

  31. Denied.

  32. Denied.

  33. Denied.

  34. Admitted.

  35. Denied.

  36. Admitted that NCL requires the independent operator of the subject excursion to maintain insurance and to operate the excursion in a reasonably safe manner. All else is denied.

  37. Admitted that NCL marketed and sold a ticket to Plaintiff for the subject excursion. All else is denied.

  38. Denied as phrased.

  39. Without knowledge; therefore, denied.

## COUNT I
## NEGLIGENCE AGAINST DEFENDANT NCL

  NCL readopts and realleges its responses to paragraphs 1 through 39 above as if fully incorporated herein.

  40. Denied.

  41. Admitted that NCL marketed and sold a ticket to Plaintiff for the subject excursion. All else is denied.

  42. Denied, including subparagraphs (A) through (K).

  43. Denied.

  44. Denied, including subparagraph (A) and subparagraphs (a) through (f) and subparagraph (B) and subparagraphs (a) through (d).

  45. Denied, including subparagraphs (A) through (I).

  46. Denied.

NCL denies that Plaintiff is entitled to any damages and demands strict proof thereof.

## COUNT II
## NEGLIGENT HIRING, RETENTION, TRAINING AND SUPERVISION

NCL readopts and realleges its responses to paragraphs 1 through 39 above as if fully incorporated herein.

47. Denied as phrased.

48. Denied as phrased.

49. Denied, including subparagraphs (A) through (H).

50. Denied.

NCL denies that Plaintiff is entitled to any damages and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

As its first, separate and affirmative defense, the Defendant asserts that the Plaintiff's claims are governed by general maritime law and that any recovery is limited by same.

## SECOND AFFIRMATIVE DEFENSE

As its second, separate and affirmative defense, the Defendant asserts that this action is governed by, and subject to, the terms, limitations, and conditions contained within the Plaintiff's passenger ticket contract and Plaintiff's shore excursion ticket. The Defendant adopts and incorporates all of the terms, limitations, and conditions contained in the passenger ticket contract and shore excursion ticket in its entirety into its Answer by reference.

## THIRD AFFIRMATIVE DEFENSE

As and for its third, separate and affirmative defense to the Plaintiff's Complaint and each of its purported causes of action, the Defendant states that there was no negligence on the part of the Defendant.

**FOURTH AFFIRMATIVE DEFENSE**

As and for its fourth, separate and affirmative defense to the Plaintiff's Complaint and each of its purported causes of action, the Defendant states that it did not have actual and/or constructive notice of the allegedly dangerous condition, if any, and therefore did not have a duty to warn the Plaintiff as to the existence of same.

**FIFTH AFFIRMATIVE DEFENSE**

As and for its fifth, separate and affirmative defense to the Plaintiff's Complaint and each of its purported causes of action, the Defendant states that it did not create the allegedly dangerous condition.

**SIXTH AFFIRMATIVE DEFENSE**

As and for its sixth, separate and affirmative defense to the Plaintiff's Complaint and each of its purported causes of action, the Defendant asserts that it fully discharged its duties to Plaintiff by warning of any and all dangerous or hazardous conditions, if any.

**SEVENTH AFFIRMATIVE DEFENSE**

As and for its seventh, separate, and affirmative defense to Plaintiff's Complaint and each of its purported causes of action, the Defendant asserts that the alleged dangerous condition, if any, was apparent, open and obvious to Plaintiff and should have been observed by Plaintiff in the ordinary use of his senses.

**EIGHTH AFFIRMATIVE DEFENSE**

As and for its eighth, separate, and affirmative defense to the Plaintiff's Complaint and each of its purported causes of action, the Defendant asserts that Plaintiff had actual knowledge and/or notice of any alleged dangerous condition, if any, and realized and appreciated the potential

for injury as a result of such alleged condition; and, having a reasonable opportunity to avoid it, consciously and voluntarily exposed himself to same.

## NINTH AFFRIMATIVE DEFENSE

As and for its ninth, separate, and affirmative defense to the Plaintiff's Complaint and each of its purported causes of action, the Defendant alleges that Plaintiff's own negligence was the sole proximate cause of his injuries and damages and, accordingly, Plaintiff's claim is barred as a matter of law.

## TENTH AFFIRMATIVE DEFENSE

As and for its tenth, separate, and affirmative defense to the Plaintiff's Complaint and each of its purported causes of action, the Defendant alleges that the Plaintiff did not exercise ordinary care, caution, or prudence for her own welfare to avoid the happening of the alleged incident, injuries, or damages, if any, the existence of which the Defendant expressly denies, and by this failure to do so, the Plaintiff thereby directly and proximately contributed to the happening of said alleged injuries, losses and damages, if any, the existence of which the Defendant expressly denies. As Plaintiff's own negligence contributed to the subject accident and his injuries and damages, any award to Plaintiff, if any, must be reduced in proportion to his own comparative negligence.

## ELEVENTH AFFIRMATIVE DEFENSE

As and for its eleventh, separate, and affirmative defense to the Plaintiff's Complaint and each of its purported causes of action, the Defendant alleges that because of the conduct, acts, and/or omissions of the Plaintiff, the Plaintiff is estopped from claiming the damages alleged in the Complaint.

**TWELFTH AFFIRMATIVE DEFENSE**

As and for its twelfth, separate, and affirmative defense to the Plaintiff's Complaint and each of its purported causes of action, the Defendant states that the incident alleged in the Complaint was not the proximate cause of the Plaintiff's alleged injuries and damages.

**THIRTEENTH AFFIRMATIVE DEFENSE**

As and for its thirteenth, separate, and affirmative defense to the Plaintiff's Complaint and each of its purported causes of action, the Defendant alleges that the incident and injuries alleged in the Complaint were the result of intervening and unforeseeable causes for which the Defendant had no duty to protect the Plaintiff.

**FOURTEENTH AFFIRMATIVE DEFENSE**

As and for its fourteenth, separate, and affirmative defense to the Plaintiff's Complaint, the Plaintiff's injuries and damages, if any, were caused, in whole or in part, by the acts or omissions of third parties over whom the Defendant had no control such that the Plaintiff's damages are not actionable against the Defendant.

**FIFTEENTH AFFIRMATIVE DEFENSE**

As and for its fifteenth, separate, and affirmative defense to the Plaintiff's Complaint, the Plaintiff's alleged injuries and damages are solely the result of the unforeseeable negligence on the part of parties to this lawsuit (not subject to the control, direction or supervision of Defendant and for which Defendant cannot be held liable) and such negligence intervened and superseded any alleged negligence of the Defendant, which negligence is denied.  Therefore, the Defendant is not the cause of the injuries and damages alleged by the Plaintiff and the Plaintiff is barred from recovery against the Defendant. Alternatively, any recovery must be diminished in proportion to the negligence of those other parties.

**SIXTEENTH AFFIRMATIVE DEFENSE**

As and for its sixteenth, separate, and affirmative defense to the Plaintiff's Complaint and each of its purported causes of action, the Defendant is informed and believes and herein alleges that it is not legally responsible in any fashion with respect to damages and injuries alleged by the Plaintiff in the Complaint; however, in the event the Defendant is held liable, said liability which the Defendant expressly denies, said liability will be due in whole or in part to the breach of warranty, acts, omissions, activities, carelessness, recklessness, and/or negligence of others. Therefore, any recovery obtained by the Plaintiff against the Defendant should be reduced in proportion to the respective negligence, fault, and legal responsibility of all other parties, persons, and entities, including their agents, servants, and employees who contributed to and/or caused any such injury and/or damages, in accordance with the law of comparative fault.  The liability of the Defendant if any, the existence of which the Defendant expressly denies, is to be limited to the percentage of fault actually attributable to the Defendant, if any.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

As and for its seventeenth, separate, and affirmative defense to the Plaintiff's Complaint and each of its purported causes of action, the Defendant alleges that the Plaintiff failed to act timely and reasonably in exercising care and diligence to avoid loss and to minimize damages. Therefore, the Plaintiff's recovery, if any, should be reduced by his failure to mitigate damages.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

As and for its eighteenth, separate, and affirmative defense to the Plaintiff's Complaint and each of its purported causes of action, the Defendant alleges that the damages allegedly suffered by the Plaintiff were not caused by any act or omission to act on the part of the Defendant, and were caused by other trauma or illness suffered by the Plaintiff in his lifetime.

## NINETEENTH AFFIRMATIVE DEFENSE

As and for its nineteenth, separate, and affirmative defense to the Plaintiff's Complaint and each of its purported causes of action, the Defendant alleges that the Plaintiff's injuries, if any, were the result of a pre-existing injury or illness, which was not aggravated by the alleged incident herein. In the alternative, if any pre-existing injury or illness was aggravated by any alleged incident herein, the Plaintiff is only entitled to reimbursement for the degree of aggravation, and any recovery obtained herein must be reduced and limited to that degree of aggravation.

## TWENTIETH AFFIRMATIVE DEFENSE

As and for its twenty, separate, and affirmative defense to the Plaintiff's Complaint and each of its purported causes of action, the Defendant alleges that if it is liable to the Plaintiff for damages herein, the existence of which the Defendant expressly denies, Plaintiff's damages must be reduced by the amount attributable to Plaintiff's comparative fault.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

As and for its twenty-first, separate, and affirmative defense to the Plaintiff's Complaint and each of its purported causes of action, the Defendant asserts that, to the extent applicable, any award of damages to the Plaintiff, if any, should be reduced by any collateral source payments paid to and/or received by the Plaintiff.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

As and for its twenty-second, separate and affirmative defense to the Plaintiff's Complaint and each of its purported causes of action, the Defendant asserts that, Plaintiff's damages as to past medical expenses, if any, must be limited to the amounts paid and accepted by Plaintiff's treating physicians.

Defendant reserves the right to amend or supplement these Affirmative Defenses with additional information if and when such information is discovered.

Dated:  February 7, 2020
       Miami, Florida

> Respectfully submitted,
>
> NORWEGIAN CRUISE LINE
> Attorneys for Defendant
> 7665 Corporate Center Drive
> Miami, Florida 33126
> Telephone:    (305) 436-4377
> Facsimile:    (305) 468-2132
>
> By: */s/ Rachael M. Fagenson*
>       **Rachael M. Fagenson, Esq.**
>       Florida Bar No. 91868
>       rfagenson@ncl.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that this 7th day of February 2020 I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel of parties who are not authorized to electronically receive Notices of Electronic Filing.

> By: */s/ Rachael M. Fagenson*
>       **Rachael M. Fagenson, Esq.**

CASE NO.: 19-CV-24170-JLK

## SERVICE LIST

*Willis Kettrell vs. NCL (Bahamas) Ltd.*
Case No.: 19-CV-24170-JLK
United States District Court for the Southern District of Florida

| | |
|---|---|
| Rachael M. Fagenson, Esq.<br>NORWEGIAN CRUISE LINE<br>7665 Corporate Center Drive<br>Miami, FL 33126<br>Telephone:    (305) 436-4377<br>Facsimile:     (305) 468-2132<br>rfagenson@ncl.com<br>mfonticiella@ncl.com<br>*Attorneys for Defendant* | Spencer M. Aronfeld, Esq.<br>Abbey Hernandez Ivey, Esq.<br>Matthias Hayashi, Esq.<br>ARONFELD TRIAL LAWYERS<br>One Alhambra Plaza, Penthouse<br>Coral Gables, Florida 33134<br>aronfeld@aronfeld.com<br>aivey@aronfeld.com<br>mhayashi@aronfeld.com<br>Telephone:    (305) 441-0440<br>Facsimile:     (305_ 441-0198<br>*Attorneys for Plaintiff* |